U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2020 NOV -3 PM 2: 04

CLERK
BY  EH
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Case No. 2:19-cr-00131 |
| KORY LEE GEORGE, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS COUNT ONE OF THE INDICTMENT WITHOUT PREJUDICE**
(Doc. 48)

Defendant Korey Lee George has been charged in a two-count Indictment with the unlawful possession of two firearms while knowing he had been previously convicted of a felony in violation of 18 U.S.C. § 922(g)(1): a Beretta Model 92FS 9mm caliber pistol bearing serial number BER453210 (the "Beretta") (Count One), and a Savage Arms Stevens Model 320 12-gauge shotgun bearing serial number 131355F (the "Shotgun") (Count Two). The Indictment arises from a Vermont State Police ("VSP") investigation into the death of Defendant's stepfather, David Auclair. In state court proceedings, *State of Vermont v. Kory L. George*, Case No. 4031-11-19 (Vt. Super. Ct.) (the "state criminal proceedings"), Defendant faces first-degree murder and burglary charges based on allegations that he stole the Beretta from the home of James Synnott in Colchester, Vermont and used it to kill Mr. Auclair. The government in this case asserts the Shotgun was stolen from a family friend's hunting camp in an incident unrelated to the alleged murder.

Pending before the court is the government's August 3, 2020 motion to dismiss Count One of the Indictment without prejudice pursuant to Fed. R. Crim. P. 48(a). (Doc. 48.) Defendant opposes the motion. The government replied on August 18, 2020, and Defendant filed a sur-reply on August 21, 2020, at which time the court took the government's motion under advisement. Although Defendant initially alleged that

dismissal of Count One would "prevent[] [him] from achieving a combined resolution, by plea, to the state case and the federal case" (Doc. 53 at 2), he does not oppose adjudication of the government's motion prior to the resolution of his plea negotiations.

The government is represented by Assistant United States Attorney Spencer Willig, Esq. Defendant is represented by Federal Public Defender Michael L. Desautels, Esq.

Pursuant to Fed. R. Crim. P. 48(a), the government "may, with leave of [the] court, dismiss an indictment, information, or complaint." *Id.* When the court grants dismissal under this Rule, "the dismissal is without prejudice to the government's right to reindict for the same offense, unless the contrary is expressly stated." *United States v. Ortega-Alvarez*, 506 F.2d 455, 458 (2d Cir. 1974); *see also United States v. Nix*, 2017 WL 4641257, at *4 (W.D.N.Y. Oct. 13, 2017) ("Dismissal pursuant to Rule 48(a) is generally without prejudice.") (quoting *United States v. Doody*, 2002 WL 562644, at *2 (S.D.N.Y. Apr. 16, 2002)). The court may deny a Rule 48(a) motion "only where the prosecutor acted in 'bad faith,' or where dismissal followed by recharge would amount to 'prosecutorial harassment[.]'" *Doody*, 2002 WL 562644, at *2 (citations omitted) (quoting *United States v. Smith*, 55 F.3d 157, 159 (5th Cir. 1995) and *United States v. Salinas*, 693 F.2d 348 (5th Cir. 1982)). The court's authority to deny a Rule 48(a) motion is "limited to cases in which dismissal is 'clearly contrary to manifest public interest.'" *United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 141 (2d Cir. 2017) (quoting *United States v. Pimentel*, 932 F.2d 1029, 1033 n.5 (2d Cir. 1991)).

"A court considering a Rule 48(a) motion to dismiss must begin with the presumption that the government acted in good faith." *United States v. Reyes*, 102 F.3d 1361, 1367 (5th Cir. 1996). Only in "extraordinary circumstances" can a defendant overcome this presumption. *United States v. Florian*, 765 F. Supp. 2d 32, 34, 37 (D.D.C. 2011) (finding that "because [a prosecutor's discretion to dismiss an indictment] implicates the constitutional doctrine of separation of powers, the district court's role in reviewing the prosecutor's exercise of its discretion is limited") (citation omitted). Where the government "has explained why it seeks a dismissal without prejudice" and "there is

no evidence that it is acting in bad faith or has otherwise abused its prosecutorial discretion[,]" dismissal without prejudice should be granted. *Id.* at 37; *see also United States v. Wilson*, 2010 WL 3023372, at *3 (D.N.M. June 18, 2010) (granting Rule 48(a) motion for dismissal without prejudice where the government "presented a plausible, non-harassing" reason to dismiss).

Defendant initially conceded that the government's motion was not made in bad faith but nonetheless observed that dismissal of Count One without prejudice would amount to prosecutorial harassment. On August 21, 2020, Defendant filed a sur-reply in which he now "asserts that the government's motion was made in, was motivated by, and constitutes bad faith." (Doc. 55 at 3.) Although "new arguments may not be made in a reply brief," *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999), even if the court considered Defendant's claim of bad faith, Defendant offers only conclusory statements that "the government's act to dismiss count one constitutes . . . prosecutorial harassment" and that "the government's motion was made in, was motivated by, and constitutes bad faith." (Doc. 55 at 3.) *See Doody*, 2002 WL 562644, at *5 (granting the government's motion to dismiss an indictment without prejudice where "defendant has produced no evidence that the government's Rule 48(a) motion was made in 'bad faith' or is intended to harass the defendant").

Defendant alleges that his "real concern" is that he could be sentenced to a maximum of ten years in prison on Count Two, thirty-five years in prison on the first-degree murder charge in the state criminal proceedings, and then another ten years on Count One if the government chooses to refile it. (Doc. 53 at 3.) He further contends that the Vermont Parole Board would not release him on parole if he were still required to serve a federal sentence.

The government's decision-making, even if strategic, does not constitute evidence of bad faith. *See United States v. Scantlebury*, 921 F.3d 241, 250 (D.C. Cir. 2019) ("The 'leave of the court' authority gives no power to a district court to deny a prosecutor's Rule 48(a) motion to dismiss charges based on a disagreement with the prosecution's exercise of charging authority.") (alteration and internal quotation marks omitted);

3

*Wilson*, 2010 WL 3023372, at *2 ("The purpose behind [R]ule 48 is to avoid prosecutorial harassment, not to impede tactical prosecutorial decision-making."). "The key factor in a determination of prosecutorial harassment is the propriety or impropriety of the [g]overnment's efforts to terminate the prosecution—the good faith or lack of good faith of the [g]overnment in moving to dismiss." *Salinas*, 693 F.2d at 351. Defendant identifies no impropriety in the government's request for dismissal and offers no evidence that the government intends to recharge Defendant on Count One if he enters a plea deal in the state criminal proceedings. Defendant's claim of prosecutorial harassment thus remains purely speculative. *See Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977) (defining "prosecutorial harassment" as "charging, dismissing, and recharging").

      The government argues dismissal of Count One of the Indictment would allow the state criminal proceedings to proceed while ensuring Defendant receives a speedy trial on Count Two. Because Count One overlaps with the state criminal proceedings, the government contends there will be corresponding overlap in witnesses and trial evidence that are not necessary for a trial on Count Two. The government further points out that the minimum penalty for first-degree murder in Vermont is thirty-five years of imprisonment, *see* 13 V.S.A. § 2303(a)(1), whereas the maximum penalty on Count One is ten years of imprisonment. *See* 18 U.S.C. § 924(a)(2). For this reason, the government contends it is unlikely that Defendant will incur additional punishment if he is convicted as a felon in possession of a firearm as alleged in Count One. *See Nix*, 2017 WL 4641257, at *4 (granting Rule 48(a) motion without prejudice where the defendant "would incur no additional punishment upon a conviction in this case given that he will be serving the equivalent of a sentence of life imprisonment as a result of the guilty verdict" in parallel case). Although Defendant makes cogent arguments as to how he could best achieve a reduced overall sentence if the state criminal proceedings and this case terminate in a global resolution, he does not further argue that he is entitled to that outcome.

      In light of the COVID-19 pandemic, the government asserts that "prudence and conservation of judicial, prosecutorial, and law enforcement resources weigh in favor of

dismissal without prejudice to avoid needlessly trying substantially the same case twice." (Doc. 48-1 at 2.) The court agrees. *See Nix*, 2017 WL 4641257, at *4 (observing that dismissal may be warranted when it would "conserve judicial, prosecutory, and investigative resources").

Because the government has provided a good faith reason for dismissing Count One and because dismissal is not clearly contrary to the public interest, the court GRANTS the government's motion to dismiss Count One of the Indictment WITHOUT PREJUDICE pursuant to Fed. R. Crim. P. 48(a).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 3rd day of November, 2020.

Christina Reiss, District Judge
United States District Court